**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 19 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

DARRYL TYLER,

               Petitioner,

   - against -

UNITED STATES OF AMERICA,

               Respondent.

------------------------------------------------------x

MEMORANDUM,
ORDER & JUDGMENT

09-CV-1642

**JACK B. WEINSTEIN, Senior United States District Judge:**

## I. Introduction

Darryl Tyler moves pursuant to 28 U.S.C. § 2255 to vacate his criminal conviction. He is serving a 360-month sentence imposed after being found guilty by a jury of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), and other crimes. In the instant petition, Tyler claims that trial and appellate counsel were ineffective.

Counsel for petitioner was appointed. A non-evidentiary hearing was held on January 14, 2010. The petition is denied on the merits. For the reasons set forth below, the ineffective assistance of counsel claims are without merit and a certificate of appealability shall not issue.

## II. Facts

### A. Crime

For a discussion of the underlying facts of the crimes alleged, see *Lugo v. United States*, No. 06-CV-5400, 2008 WL 5191684 (E.D.N.Y. Dec. 11, 2008).

### B. Indictment

On August 15, 2001, a grand jury returned an indictment charging Tyler and six others with various crimes. *See* Memo. of Law in Opp'n to Section 2255 Petition, July 31, 2009

1



("Gov't Memo.") at 4. On June 7, 2002, the grand jury returned a superseding indictment on which Tyler was tried. *Id.* at 5. Tyler was charged with racketeering (count one) and racketeering conspiracy (count two), with four racketeering acts charged for each of the racketeering counts, as follows: (1) narcotics conspiracy, (2) conspiracy to commit murder, (3) the murder of Lanny Dillard, and (4) the attempted murder of Barry Hall (a.k.a. "Little Jus"). *Id.* at 5. In addition to the racketeering counts, Tyler was charged with conspiracy to commit murder in aid of racketeering (count three), the murder of Dillard in aid of racketeering (count four), and the use and discharge of a firearm in Dillard's murder (count five). *Id.* at 5-6. Tyler was also charged with the attempted murder of Hall (count six), the use and discharge of a firearm in the attempted murder of Hall (count seven), and narcotics conspiracy (count eight). *Id.* at 6.

## C.    Trial and Conviction

Tyler and three co-defendants were tried before a jury in July and August of 2002. Testimony of thirty-eight witnesses was presented, including five former members and associates of the "Family," Tyler's alleged criminal organization. *Id.* at 6. Cooperators testified about the Family's narcotics business, fraud schemes, and violent crimes, including the conspiracy to murder members of the "Little Jus crew," a rival criminal organization, and the murder of Dillard. *See id.* at 6; *see generally* Criminal Trial Transcript ("Trial Tr."), *United States v. Tyler,* No. 01-CR-922. The jury also heard testimony from eyewitnesses to the Dillard homicide and law enforcement witnesses who seized guns and drugs from members of the Family and investigated various aspects of the gang's criminal activities. Gov't Memo. at 7; *see generally* Trial Tr. Evidence included several photographs, documents, a videotape, and a gun. Gov't Memo. at 7; *see generally* Trial Tr.

2

The defendants, including petitioner, were represented at trial by separate counsel. Since the defendants were tried together, the government witnesses were subject to extensive cross-examination by all four defense attorneys. *See* Trial Tr. at 1866-1947.

Tyler was found guilty of racketeering, conspiracy to commit racketeering, conspiracy to commit murder in aid of racketeering, and conspiracy to distribute cocaine base and cocaine—Counts One, Two, Three and Eight of the Superseding Indictment. *See* Presentence Investigation Report 4-5, *United States v. Tyler*, No. 01-CR-922 (E.D.N.Y. Oct. 10, 2002). With respect to Counts One and Two, racketeering and conspiracy to commit racketeering, Tyler was found guilty of racketeering Acts One through Four: narcotics conspiracy, conspiracy to commit the murder of members of the "Little Jus" crew, the murder of Dillard, and the attempted murder of Barry Hall. *Id.*

Based in principal part on his participation in the murder of Dillard, the applicable offense level for Counts One, Two and Eight under the United States Sentencing Guidelines was determined to be forty-three, yielding a guideline sentence of life imprisonment regardless of criminal history category. *Id.* at 11. The Court also accepted the Presentence Investigation Report's recommendation of a four-level enhancement based on Tyler's role as leader of the criminal enterprise. *See id.* Tyler was sentenced to life imprisonment. *See* Criminal Sentencing Transcript at 31, *United States v. Tyler*, No. 01-CR-922, Docket Entry No. 238 (E.D.N.Y. Dec. 17, 2002).

**D.      Tyler's First Appeal**

Through counsel, Tyler appealed from his judgment of conviction to the Court of Appeals for the Second Circuit. *See United States v. Lugo*, 125 Fed. App'x 358 (2d Cir. 2005). Tyler appealed on a number of grounds, including that: (1) the evidence was not sufficient to

3

support his conviction; (2) the court erred in instructing the jury; and (3) he received ineffective assistance of counsel. *Id.* at 359.

On March 14, 2005, the Court of Appeals for the Second Circuit affirmed and remanded the case "for further proceedings in conformity" with its decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005) and the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Lugo*, 125 F. App'x at 360.

**E.    Resentencing**

On remand, this court resentenced the defendant to a non-guidelines sentence of thirty years. *See* Tr. of Resentencing 64, *United States v. Tyler*, No. 01-CR-922, Docket Entry No. 470-2 (E.D.N.Y. Sept. 20, 2005).

**F.    Tyler's Second Appeal**

Tyler appealed from his resentencing, on the grounds that: (1) he was improperly sentenced on the basis of judge-found facts; (2) the court improperly calculated his Guidelines criminal history category; (3) the court erred in refusing him a downward departure based on the victim's conduct in provoking his murder, childhood abuse suffered by Tyler, and evidence of his pre-arrest rehabilitation; and (4) the court erred in refusing to sentence him for manslaughter rather than murder. *United States v. Tyler*, 241 Fed. App'x 779 (2d Cir. 2007). The Second Circuit found the appeal to be without merit and affirmed the sentence. *Id.*

**G.    Crack Resentencing Motion**

On January 25, 2008, this court issued an order to show cause directing the government to address whether the defendant should be resentenced pursuant to retroactive amendments to the United States Sentencing Guidelines. *See U.S. v. Tyler*, No. 01-CR-922, 2008 WL 925126, at *1 (E.D.N.Y. Mar. 17, 2008) (citing 18 U.S.C. § 3582(c) (2)). A non-evidentiary hearing was

held on March 4, 2008. *Id.* The court held that because the defendant's guideline offense level was based on the guideline for first degree murder and not on the type and quantity of drugs involved in the crimes of conviction, the guideline amendments were of no benefit to him. *Id.* at *2. The court observed that "[i]n its revisions to U.S.S.G. § 1B1.10, the Sentencing Commission made clear that a court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant." *Id.* The court declined to resentence the defendant. *Id.* at *3.

### H.    Tyler's Appeal of Resentencing Denial

Tyler appealed from the court's order denying a reduction of his sentence pursuant to the retroactive amendments to 18 U.S.C. § 3582(c)(2). The Second Circuit held that the court did not abuse its discretion by declining to resentence Tyler because the Guideline offense level at his initial sentencing was based on the murder of Dillard and was unaffected by the amendment to the Guidelines. *United States v. Tyler*, 328 Fed. App'x 735 (2d Cir. 2009). The Second Circuit also dismissed Tyler's claim of ineffective assistance of counsel without prejudice and with leave to raise the same claim in a habeas petition, noting that because he was not eligible for a reduced sentence on the basis of the crack-cocaine amendments, there was no reasonable probability that the result of his § 3582(c)(2) petition would have been different but for counsel's errors. *Id.*

### I.    The Instant Petition

Tyler filed the instant petition on April 20, 2009. *See* Motion to Vacate, Set Aside, or Correct Sentence ("Tyler Memo."). The government filed a response on July 31, 2009. *See* Gov't Memo. Tyler sought to file an additional claim with the court on October 23, 2009. *See*

5

Motion to Amend/Correct/Supplement. That request was denied for lack of merit in the amendment. *See* Order Denying Motion to Amend/Correct/Supplement, Nov. 9, 2009.

A non-evidentiary hearing was held on January 14, 2010. Petitioner participated from prison via telephone. *See Goldberg v. Tracy*, 247 F.R.D. 360, 392 (E.D.N.Y. 2008) (discussing administrative benefits of telephonic participation by petitioners when appropriate); *Harrison v. Sentowski*, 247 F.R.D. 402, 414-18 (E.D.N.Y. 2008) (petitioner's telephonic participation was proper for non-evidentiary hearing). Petitioner's presence at the hearing was not necessary since issues of law only were being discussed. No new evidence was required; decision turned on evaluation of documents in the record.

## III. Law

### A. Trial Counsel

The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel is "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14, (1970). The Supreme Court has explained that, in giving meaning to this requirement, courts must be guided by the Sixth Amendment's purpose – that is, to ensure a fair trial – and that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured "under prevailing professional norms," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,"

*id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The two-prong *Strickland* standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

A court may "dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Strickland*, 466 U.S. at 697. In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, the court looks to the "cumulative weight of error" to determine whether the prejudice "reache[s] the constitutional threshold." *Lindstadt v. Keane*, 239 F.3d 191, 202 (2d Cir. 2001).

As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Counsel, in other words, "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691.

### B.    Appellate Counsel

Although the *Strickland* test was formulated in the context of an ineffective assistance of trial counsel claim, the same test is used with respect to claims of ineffective appellate counsel. *See Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992). Appellate counsel does not have a duty to advance every non-frivolous argument that could be made. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Supreme Court has noted that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52. A

petitioner establishes that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

A claim that was improperly omitted from an appeal may form the basis of an ineffective assistance of appellate counsel claim, if "the failure to raise the . . . claim fell outside the wide range of professionally competent assistance." *Id.* (internal quotation marks omitted). Appellate decisions falling into this "wide range of professionally competent assistance" are not considered ineffective. *Id.*

## II.    *Application of Law to Facts*

Petitioner claims that his trial and appellate counsel were ineffective. *See generally* Tyler Memo. For the following reasons, each of the petitioner's ineffective assistance of counsel claims fails.

### A.    Failure to Object to the Indictment Charging a Single Offense in Multiple Counts

Petitioner claims that trial counsel was ineffective for failing to discover the "multiplicity and/or duplicity of the superseding indictment." *Id.* at 5. An indictment is multiplicitous where it "charges in separate counts two or more crimes, when in fact and law, only one crime has been committed." *U.S. v. Holmes*, 44 F.3d 1150, 1153-54 (2d Cir. 1995). Where a single act or transaction violates "two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932).

In the context of RICO violations, it is well established that Congress intended to permit cumulative sentences for both a racketeering conviction and the predicate offenses upon which the RICO violation is premised. *U.S. v. Boylan*, 620 F.2d 359, 361 (2d Cir. 1980). And the

application of cumulative sentences does not violate the double jeopardy clause. *Id.* (citing *Blockburger*, 284 U.S. at 304). An objection against the "multiplicity and/or duplicity of the indictment" by the defendant's lawyer would not have been successful because the offenses were lawfully charged. There was no prejudice.

**B.     Failure to Object to Admission of Witness Testimony as Outside the Scope of Fed. R. Evid. 801(d)(2)(E)**

Petitioner claims that trial counsel was ineffective for failing to object to the testimony of witnesses Lefkowitz, Stokes, Stovall, McCall, and Simmons as inadmissible hearsay contrary to Fed. R. of Evid. 801(d)(2)(E) and *Bourjilay v. U.S.*, 483 U.S. 171 (1987). *See* Tyler Memo. at 7-8.

Tyler argues that the government did not adequately prove the existence of an ongoing conspiracy between himself and the testifying witnesses and that their testimony was therefore inadmissible under the Supreme Court's decision in *Bourjilay*. Petitioner raised this issue on direct appeal to the Second Circuit, and admission of "the testimony of numerous co-conspirators" was upheld. *United States v. Lugo*, 125 F. App'x 358 (2d Cir. 2005). Petitioner has failed to allege any facts suggesting that the government was unable to meet its burden of proving the existence of a conspiracy among the witnesses and himself. He is unable to show prejudice. His ineffective assistance claim fails.

**C.     Failure to File a Motion to Dismiss Based on the Knowing Use of False Testimony in the Grand Jury**

Petitioner claims that trial counsel was ineffective for failing to file a motion to dismiss based on the introduction of false testimony in the grand jury. Tyler Memo., at 12.

Dismissal of an indictment based upon false testimony before the grand jury is only warranted where it is established that the false testimony "substantially influenced the . . .

decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence" of the false testimony. *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 256 (1988) (internal citations and quotation marks omitted); *see also U.S. v. Useni*, 516 F.3d 634, 656 (7th Cir. 2008).

Petitioner has not offered any evidence indicating that the testimony presented to the grand jury to obtain his indictments was false. The effect of such testimony on the grand jury need not be considered. Petitioner's claim fails.

## D. Failure of Counsel to Challenge Drug Quantity and Type Not Having Been Charged in the Indictment or Submitted to the Jury

Tyler claims that counsel was ineffective for failing to discover that drug types and quantities were neither charged in his indictment nor submitted to the jury with respect to his convictions under 21 U.S.C. §§ 841 and 846. *See* Tyler Memo., at 13. Failing to include the amount and type of drugs possessed in the indictment and failing to present them to the jury would be, he urges, contrary to the Supreme Court's ruling in *Apprendi v. New Jersey*, where it held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

Although petitioner claims that counsel should have objected to the absence of drug types and quantities, that drug types and quantities were both charged in the grand jury indictment and submitted to the jury for a reasonable doubt determination. Count Eight of the Superseding Indictment charged that Tyler "together with others, did knowingly and intentionally conspire to distribute and to possess with intent to distribute and to possess with intent to distribute a substance containing (a) cocaine base, a Schedule II controlled substance, in an amount of 50

grams or more, and (b) cocaine, a Schedule II controlled substance, in an amount of 5 kilograms or more." *See* Superseding Indictment ¶ 30.

The verdict sheet required, if the jury found Tyler guilty of either racketeering Act One of Counts One and Two or Count Eight, it was to respond to special interrogatories regarding the specific drug types and minimum quantities involved. *See* Verdict Sheet. With respect to all three of the counts for which the special interrogatories were required, the jury found beyond a reasonable doubt that: (1) a substance involved in the conspiracy was cocaine; (2) the amount of cocaine involved was 5 kilograms or more; (3) a substance involved in the conspiracy was cocaine base; and (4) the amount of cocaine base involved was 50 grams or more. *Id.*

Petitioner's claim of ineffective assistance based on counsel's failure to challenge the quantity and amount of drugs not being charged in the indictment or presented to the jury fails as a factual matter, because both were in fact submitted to the jury.

### E. Failure to Discover That The Government Was Unable to Establish a RICO Violation Without the Inadmissible Testimony of Cooperating Informants

Petitioner claims that counsel was ineffective for failing to discover that without the "uncorroborated" and "inadmissible" testimony of cooperating witnesses, the government's evidence was insufficient to establish a RICO violation. *See* Tyler Memo., at 15. The cooperating witness testimony was properly admitted and the Court of Appeals for the Second Circuit has already upheld the sufficiency of the evidence against him. *See Lugo*, 125 Fed. App'x at 359. Counsel was not ineffective for failing to challenge its admission and the defendant's claim fails.

### F. Failure to Challenge the Sentencing Disparity Between Crack and Powder Cocaine

Tyler claims that counsel was ineffective for failing to object to the sentencing disparity between crack and powder forms of cocaine. *See* Tyler Memo. at 18-19. As noted in Part II.G, *supra*, Tyler's counsel appealed his sentence and it was reconsidered in light of 18 § U.S.C. 3582(c)(2)'s retroactive amendment addressing the sentencing Guidelines' disparity between crack and powder cocaine. Tyler's previous request that this court resentence him pursuant to the retroactive amendment was denied. Tyler's guideline offense level for the racketeering and racketeering conspiracy counts was based on his participation in the murder of Lanny Dillard. It was not related to the type and quantity of drugs involved in the crimes for which he was convicted. *U.S. v. Tyler*, 2008 WL 925126, at *2. That order was affirmed by the Court of Appeals for the Second Circuit. *United States v. Tyler*, 328 Fed. App'x 735 (2d Cir. 2009). While the appellate court dismissed Tyler's appeal without prejudice as to his claim of ineffective assistance of counsel at the section 3582(c)(2) hearing, it also noted that "given that Tyler was not eligible for a reduction in his sentence on the basis of the crack cocaine amendments, there is no reasonable probability that . . . the result of the § 3582(c)(2) proceeding would have been different." *Id.* Because Tyler was not sentenced on the basis of the type of cocaine involved in the offenses, he can make no showing that his sentence would have been decreased. His ineffective assistance claim on this ground fails.

### G. Petitioner's Claim That Evidence Obtained From Amelia Jones Should Have Been Suppressed

Petitioner claims that trial counsel was ineffective for failing to move for the suppression of evidence taken from the home of Amelia Jones in violation of his Fourth Amendment rights. *Id.* at 21. Because the evidence was obtained via subpoena, *see* Gov't Memo. at 36, it was not the fruit of an illegal search. His counsel was not ineffective in failing to object to it's being entered into evidence. Tyler has also failed to show that he was unfairly prejudiced by its

12

admission. He has not offered evidence showing that he has standing to challenge evidence freely given to the government by Jones.

### H.     Failure to Challenge the "Government's Stipulated Facts"

Tyler claims that counsel was ineffective for failing to challenge evidence admitted on stipulation. Tyler Memo. at 21. Petitioner does not explain how he was prejudiced. There is no reasonable probability of a verdict in his favor had the stipulation not been entered into.

### I.     Failure of Counsel at Sentencing and Resentencing to Challenge Petitioner's Criminal History Calculation for Sentencing Guideline Purposes

Tyler claims that counsel was ineffective for failing to challenge his criminal history calculation at both his sentencing and resentencing. *Id.* at 23. Specifically, Tyler challenges paragraphs 83 and 84 of his Presentence Report, which indicate that he was sentenced to 54 months in custody for assault and criminal possession of a weapon on September 14, 1981. *See* Presentence Investigation Report ¶ 83. The maximum sentence for his assault conviction expired on March 12, 1986. *Id.* Tyler was assessed three criminal history points for the conviction because his "prior sentence of imprisonment exceed[ed] one year and one month" and was "imposed within fifteen years of the instant offense." U.S.S.G. §§ 4A1.1, 4A1.2(e)(1). Tyler was indicted and convicted of Count One of the superseding indictment, which alleged that "[i]n or about and between the 1980s and October 2001," Tyler and others "did knowingly and intentionally . . . participate . . . in the conduct of the affairs of the D-Nice Enterprise through a pattern of racketeering activity . . . ." *See* Superseding Indictment ¶ 10.

Tyler's sentence for assault and criminal possession of a weapon was imposed within fifteen years of "the 1980s" and the three point increase was appropriately added. There is no reasonable probability that any action taken by counsel at his sentencing and resentencing to challenge the calculation would have been successful.

13

## V. Conclusion

The petition to vacate the conviction pursuant to 28 U.S.C. § 2255 is dismissed.

A certificate of appealability from this memorandum, order, and judgment is denied Petitioner's claims now made—or which could be made—lack any merit. No costs or disbursements are awarded.

Counsel appointed for him on the present petition provided extraordinarily able assistance to petitioner. She properly exercised reasonable professional judgment on the issues she chose to brief and those she chose to argue orally. Petitioner was given the opportunity to supplement counsel's oral argument.

The clerk of the court shall send a copy of this order to petitioner in person.

Petitioner may seek a certificate of appealability from the Court of Appeals for the Second Circuit.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 14, 2010
      Brooklyn, New York